UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN CHRISTOPHER SHEPHERD, | No. 2:15-cv-1618 TLN AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| M.E. SPEARMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently before the court are respondent's motion to dismiss (ECF No. 14) and petitioner's opposition (ECF No. 17). Petitioner's opposition includes requests for a certificate of appealability and appointment of counsel. ECF No. 17 at 22-24. Also before the court are petitioner's motion to proceed on the merits (ECF No. 20) and respondent's opposition (ECF No. 22).

I.      Factual and Procedural Background

Petitioner was convicted of (1) second-degree murder, (2) identity theft, and (3) forgery. ECF No. 1 at 1. Petitioner filed a petition for direct review in the California Supreme Court which was denied on January 3, 2013. Id. at 2; Lod. Doc. No. 3. He subsequently filed a habeas

////

////

1

1   corpus petition in the California Supreme Court on December 18, 2014.[1]  Lod. Doc. No. 4.  The

2   petition was denied on May 13, 2015.  ECF No. 17 at 40; Lod. Doc. No. 5

3       On July 24, 2015, petitioner filed the instant petition for a writ of habeas corpus.  ECF No.

4   1.  Respondent was ordered to respond to the petition (ECF No. 6) and filed a motion to dismiss

5   (ECF No. 14).  Petitioner opposes respondent's motion to dismiss.  ECF. No 17.

6       Subsequently, petitioner filed a motion to proceed on the merits of his habeas corpus

7   petition (ECF No. 20), which respondent opposes (ECF No. 22).

8       II.     Motion To Dismiss

9       Respondent contends that the instant petition must be dismissed because it is untimely.

10  ECF No. 14 at 4.  In opposition, petitioner argues that he is entitled to a later trigger date or

11  equitable tolling due to a state impediment.  ECF No. 17 at 6.  He also argues that his claims are

12  not procedurally defaulted and are reviewable by this court.  Id. at 7, 9, 16-17.  Finally, petitioner

13  claims his petition merits equitable tolling based on actual innocence.  Id. at 10-11, 17-18.

14      For the reasons set out below, the undersigned finds that petitioner did not submit his

15  petition in a timely manner and is barred by the statute of limitations.  Therefore, respondent's

16  motion to dismiss should be granted.

17          A.      Legal Standard for the Statute of Limitations

18      Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of

19  limitations for filing a habeas petition in federal court.  This statute of limitations applies to

20  habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty

21  Act ("AEDPA") went into effect.  Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).  The

22  one-year clock commences from one of several alternative triggering dates.  28 U.S.C. §

23  2244(d)(1).  In this case, the potentially applicable dates are that "on which the judgment became

24  final by the conclusion of direct review or the expiration of the time for seeking such review" and

25  "the date on which the impediment to filing an application created by State action in violation of

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  Houston v. Lack, 487 U.S. 266, 276 (1988).

2

1  the Constitution or laws of the United States is removed, if the applicant was prevented from
2  filing by such State action." 28 U.S.C. § 2244(d)(1)(A), (B).

3      An otherwise untimely habeas corpus petition may be found timely if the petitioner is
4  entitled to equitable tolling. Holland v. Florida, 560 U.S. 631, 645, 649 (2010). Petitioner is only
5  entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2)
6  that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418
7  (2005). A petitioner may also be entitled to statutory tolling. The limitations period is statutorily
8  tolled during the time "a properly filed application for State post-conviction or other collateral
9  review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

10     B.    Alleged Impediment

11     Petitioner alleges that California Department of Corrections and Rehabilitation ("CDCR")
12 officials did not answer his requests to recover missing documents pertaining to his conviction,
13 which delayed his ability to complete and submit a state collateral action. ECF No. 17 at 14-16,
14 21-22. Specifically, he alleges that he transferred prisons on December 3, 2013, and that some of
15 his court transcripts and legal documents, including his draft state habeas corpus petition, were
16 misplaced in the transfer. Id. at 43. Between December 3, 2013, and September 4, 2014,
17 petitioner filed numerous requests to CDCR to obtain his misplaced documents, which were
18 returned to him on September 4, 2014. ECF No. 17 at 31-37. He claims this period is entitled to
19 equitable tolling. Id. at 21. Thus, he argues that his instant habeas corpus petition is not barred
20 by the statute of limitations because the state impediment entitles him to a later trigger date and
21 alternatively that the length of the state impediment, when subtracted from the time his petition
22 was overdue, makes the petition timely. Id. at 21-22.

23     C.    Applicable Trigger Date

24     In most instances, the date on which the statute of limitations begins to run is based upon
25 the date the petitioner's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Petitioner argues
26 that he is entitled to an alternate trigger date based on the existence of a state impediment. ECF
27 No. 17 at 21-22 (citing 28 U.S.C. § 2244(d)(1)(B)). Under § 2244(d)(1)(B), the statute of
28 limitations begins to run from "the date on which the impediment to filing an application created

3

by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Petitioner alleges that the state's failure to return his legal papers to him created a state impediment that lasted from December 3, 2013 until September 4, 2014, and entitles him to a trigger date of September 4, 2014, when the impediment was lifted. ECF No. 17 at 21-22.

The Ninth Circuit considered a similar argument in Ramirez v. Yates, 571 F.3d 993 (9th Cir. 2099). In Ramirez, the petitioner argued that "his placement in administrative segregation and its attendant limitations on his access to his legal file and the prison law library amounted to an unlawful impediment to his 'constitutional right of access to the courts.'" Id. at 1000 (citing Lewis v. Casey, 518 U.S. 343, 346 (1996) (some internal quotation marks omitted). The Ninth Circuit held that:

> [a]lthough similar in style, Ramirez's 28 U.S.C. § 2244(d)(1)(B) claim must satisfy a far higher bar than that for equitable tolling. He may be entitled to equitable tolling during the period he was without his legal materials if the deprivation of his legal materials made it impossible for him to file a timely § 2254 petition in federal court. There is no constitutional right to file a timely § 2254 petition, however—Ramirez is entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if his placement in administrative segregation altogether prevented him from presenting his claims in any form, to any court. See generally Lewis, 518 U.S. at 350-51.

Id. at 1000-01.

Petitioner has not met the high bar set by § 2244(d)(1)(B). His first request to CDCR regarding his missing paperwork, and his declaration in opposition to the motion to dismiss, state only that some of his transcripts and legal documents, including his writ of habeas corpus, were missing. ECF No. 17 at 31, 43. There are no allegations that petitioner was prevented from trying to obtain a copy of his trial transcripts or other specific documents from trial or appellate counsel, or that he was unable to access the law library or seek assistance from other inmates in beginning to draft a replacement petition during the time he was without portions of his legal property. Although the lack of some of his trial transcripts may have made drafting a replacement petition more difficult, there is no evidence that it was impossible. Ultimately, there is no

4

1  indication that petitioner's lack of some legal paperwork "prevented him from presenting his
2  claims in any form, to any court." Petitioner therefore is not entitled to an alternate trigger date
3  based on a state impediment. Instead, the limitations period began to run against petitioner when
4  his conviction became final.

5  In this case, petitioner sought direct review of his conviction from the California Supreme
6  Court, which was denied on January 3, 2013. Lod. Doc. No. 3. The record shows petitioner did
7  not submit a petition for writ of certiorari to the Supreme Court of the United States. ECF No. 1
8  at 3. Consequently, petitioner's conviction became final at the expiration of the ninety-day period
9  to seek certiorari immediately following the decision of the state's highest court. Clay v. United
10 States, 537 U.S. 522, 528 n.3 (2003); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).
11 Petitioner's conviction therefore became final on April 3, 2013, and ADEPA's one-year clock
12 began to run on April 4, 2013. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing
13 Fed. R. Civ. P. 6(a)) (the day order or judgment becomes final is excluded and time begins to run
14 the day after the judgment becomes final). Absent tolling, petitioner had until April 3, 2014, to
15 file a federal habeas corpus petition.

16              D.    Equitable and Statutory Tolling

17 Petitioner submitted the instant petition on July 24, 2015, 477 days after the statute of
18 limitations expired. ECF No. 1. Without tolling, his petition is clearly barred by ADEPA's one-
19 year statute of limitations.

20 With respect to equitable tolling, "the statute-of-limitations clock stops running when
21 extraordinary circumstances first arise, but the clock resumes running once the extraordinary
22 circumstances have ended or when the petitioner ceases to exercise reasonable diligence,
23 whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v.
24 Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014). With regard to statutory tolling, there is no
25 tolling for a gap in time between the end of direct review and the beginning of state collateral
26 review. Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007). There is also no tolling between
27 the end of state collateral review and the filing of a federal petition. Roy v. Lampert, 465 F.3d
28 964, 968 (9th Cir. 2006). Consequently, the only periods that may potentially be tolled in this

1  case include the duration of the alleged state impediment and the time the California Supreme

2  Court took to review petitioner's state habeas corpus petition.

3      Petitioner alleges that a state impediment began on December 3, 2013, and ended on

4  September 4, 2014. ECF No. 17 at 22. Even if this period were subject to equitable tolling, it

5  only accounts for 276 days[2] of the 477 days by which petitioner exceeded ADEPA's one-year

6  statute of limitations. Accordingly, the petition was still 201 days late unless petitioner is also

7  entitled to statutory tolling.

8      Petitioner submitted his state habeas corpus petition on December 18, 2014. The time

9  between the dates of filing and the decision on a properly filed state writ of habeas corpus is

10  tolled by statute. 28 U.S.C. § 2244(d)(2). In this case, the California Supreme Court denied

11  petitioner's writ on May 13, 2015, so his petition was pending for 147 days. If the petition was

12  properly filed prior to the expiration of the AEDPA statute of limitations, this period would be

13  tolled.[3] However, this additional 147 days of tolling would still be 54 days shy of the 201 days

14  petitioner needs to make his petition timely.

15      As shown above, even if the court assumes without deciding that petitioner is entitled to

16  both equitable and statutory tolling, the instant petition was still filed 54 days after the one-year

17  period ended and therefore is untimely.

18      E.    Actual Innocence

19      Petitioner claims actual innocence in his opposition. ECF No. 17 at 10-11, 17-18. He

20  states that "looking at the new evidence of the testimony of co-defendants and the DA's star

21  witness will more than prove the innocence of petitioner to the crimes as charged." Id. at 17.

22      A showing of actual innocence can satisfy the requirements for equitable tolling and thus

23  excuse untimeliness. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). The petitioner must

24  persuade the district court that, in light of new evidence, no reasonable juror would have found

---

[2] This tolled period includes the dates the alleged impediment began and ended.

[3] As the court discusses further below, the state petition was arguably filed late and thus was not "properly filed" for tolling purposes. See Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010). The state court did not deny the petition as untimely.

6

1 him guilty beyond a reasonable doubt. Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).
2 To make a credible claim of actual innocence, petitioner *must produce* "new reliable evidence—
3 whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical
4 physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.  The habeas court
5 then considers all the evidence: old and new, incriminating and exculpatory, admissible at trial or
6 not. House v. Bell, 547 U.S. 518, 538 (2006).  On this complete record, the court makes "'a
7 probabilistic determination about what reasonable, properly instructed jurors would do.'"  Id.
8 (quoting Schlup, 513 U.S. at 329).  Petitioners asserting convincing actual innocence claims do
9 not need to prove diligence in order to excuse untimeliness, although delay may be considered in
10 assessing the reliability of new evidence.  McQuiggin, 133 S. Ct. at 1935.

11 In the present case, petitioner has not presented new reliable evidence to support a
12 credible claim of actual innocence.  In his opposition, he argues that the "new evidence" of
13 several witnesses' testimony "will more than prove [his] innocence," but has failed to identify any
14 of the alleged evidence to substantiate this conclusory statement.  ECF No. 17 at 17.  Moreover, it
15 appears that petitioner is likely referring to the testimony contained in the trial transcripts attached
16 to the petition.  ECF No. 1 at 242-421, 442-67.  Trial testimony is not new evidence.

17 Petitioner has not provided any new evidence in support of his actual innocence claims
18 and, without new evidence, the actual innocence exception does not apply.  Schlup, 513 U.S. at
19 327.

20     F.   Procedural Default

21 Respondent does not assert procedural default as a ground for dismissal, ECF No. 14, but
22 petitioner nonetheless argues that the doctrine does not bar this court from reviewing his claims.
23 See ECF No. 17 at 14.  Petitioner's argument related to procedural default does not change the
24 timeliness analysis with which he confuses it.  Because petitioner's discussion of procedural
25 default involves timeliness issues, the court will briefly address petitioner's contentions.

26 The procedural default doctrine flows from the principle that federal courts should not
27 reach an alleged violation of federal law on habeas review if the state court's decision rests on an
28 independent and adequate state ground.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Walker v. Martin, 562 U.S. 307, 315 (2011). Procedural default applies whether the default occurred at trial, on appeal, or during collateral proceedings. Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citing Murray v. Carrier, 477 U.S. 478, 490-92 (1986)).

Petitioner argues that procedural default does not bar this court from reviewing his petition because the California Supreme Court denied his petition as untimely based on federal law. ECF No. 17 at 14. It appears that petitioner mistakenly interprets references contained in respondent's motion to dismiss the present federal petition as the California Supreme Court's justification for dismissing his state petition. Id. (citing Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); 28 U.S.C. § 2244(d)(2)). However, petitioner's argument misses the mark because, as he correctly points out later in his discussion of the matter, no state court procedural default was imposed. ECF No. 17 at 18.

For procedural default to apply, "the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." Harris v. Reed, 489 U.S. 255, 261-62 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). A careful review of the record indicates that petitioner's state habeas petition was not denied procedural grounds. ECF No. 17 at 40. His state petition was denied without comment and "a [state court] order denying a petition without explanation or citation ranks as a disposition on the merits." Walker v. Martin, 562 U.S. 307, 310 (2011) (alteration in original); see also Harrington v. Richter, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). The California Supreme Court's one-sentence decision suggests the court denied his petition

based on the merits and not based on untimeliness as petitioner urges.  ECF No. 17 at 40.

Accordingly, there is no procedural default problem for petitioner to overcome.  The timeliness of the California Supreme Court petition is relevant in this case only because a late-filed state petition would not be "properly filed" under state law, and therefore its pendency would not have tolled the federal limitations period.  See Pace, 544 U.S. at 414-15.  For the reasons already explained, the federal petition in this case is untimely whether or not petitioner is entitled to statutory tolling.

G. Conclusion

For the foregoing reasons, respondent's motion to dismiss petitioner's habeas corpus petition should be granted.

III.    Motion to Proceed on the Merits

Petitioner moves this court to proceed on the merits of his petition.  ECF No. 20.  He appears to argue that respondent's failure to submit a reply to his opposition amounts to a default of respondent's motion to dismiss.  Id. at 2.  As respondent correctly points out, filing a reply brief in this case was optional.  ECF No. 22 (citing ECF No. 6 at 2).  Therefore, respondent's decision to not file a reply does not indicate that he has abandoned the motion to dismiss.  In addition, proceeding on the merits of the habeas petition is not warranted at this time given the undersigned's recommendation that the petition be dismissed as untimely.

Therefore, petitioner's motion to proceed on the merits is denied.

IV.    Miscellaneous Motions

A.    Certificate of Appealability

Petitioner includes a request for a certificate of appealability in his opposition.  ECF No. 17 at 22-24.  Pursuant to Rule 11 of the Rules Governing § 2254 Cases, this court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether

9

the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This court finds that no jurist of reason would find it debatable that the petition is barred by the statute of limitations and a certificate of appealability should not issue.

### B.  Appointment of Counsel

In his opposition to the motion to dismiss, petitioner requests appointment of counsel. ECF No. 17 at 23. He states that he "would like to request the appointment of counsel for such complex issues." Id.

There is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." In some limited circumstances, a prisoner's intellectual impairment or deficient grasp of the legal issues at the center of his habeas case can justify appointment of counsel. But in ruling on a motion to appoint habeas counsel, the court has to consider more than the petitioner's competence as an advocate for himself. "In deciding whether to appoint counsel in a habeas proceeding, the district court *must* evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se in light of the complexity of the legal issues involved.*" Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (emphasis added). With only a conclusory statement that his case presents "complex issues," petitioner gives this court no factual substance on which it can make the required determination regarding appointment of counsel. Moreover, in light of the recommendation that the petition be dismissed as untimely, the court cannot find that the interests of justice require the appointment of counsel. The motion for counsel will be denied.

### V.  Summary

Respondent's motion to dismiss should be granted because petitioner submitted his petition to federal court too late. Petitioner does not get a later start date for the statute of limitations based on the state impediment, because he has not shown that he was completely prevented from filing a timely petition. Tolling the duration of the alleged state impediment and

the time the California Supreme Court took to review his state habeas petition also does not make the federal petition timely, because it was still fifty-four days late even if the court subtracts that time.

Petitioner argues that his claims were not procedurally defaulted in state court because the state's decision was based on federal law. Respondent does not seek dismissal on procedural default grounds, and the California Supreme Court did not deny the state petition as untimely. The timeliness of the state petition is only relevant to the timeliness of the federal petition in the context of statutory tolling – but the federal petition is too late whether or not petitioner gets statutory tolling.

Petitioner makes a claim of actual innocence in support of his claim for equitable tolling. However, he did not show the court any new evidence. Without any new evidence, petitioner does not have a claim for actual innocence.

VI.     Conclusion

For the foregoing reasons, the court finds that the petition is untimely even if petitioner is entitled to equitable and statutory tolling and should be dismissed. Because the petition is untimely, the court cannot proceed to the merits of this case. In addition, the court should not issue a certificate of appealability or appoint counsel.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed on the merits (ECF No. 20) is denied.

2. Petitioner's request to proceed with assistance of counsel (ECF No. 17 at 23) is denied.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 14) be granted and petitioner's application for a writ of habeas corpus (ECF No. 1) be denied as untimely.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
3 objections shall be filed and served within fourteen days after service of the objections.  The
4 parties are advised that failure to file objections within the specified time may waive the right to
5 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6 DATED: March 23, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE